IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-83-F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| LARRY DARNELL KINSEY, JR., ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The defendant presented the testimony of the proposed third-party custodian, the mother of the mother of defendant's youngest child. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a five-count indictment on 2 July 2012 with: distribution of a quantity of methamphetamine on or about 8 February 2012 in violation of 21 U.S.C. § 841(a)(1) (ct. 1); possession of a firearm in furtherance of a drug trafficking crime on or about 8 February

2012 in violation of 18 U.S.C. § 924(c)(1)(A) (ct. 2); possession of a firearm by a convicted felon on or about 8 February 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 3);and distribution of a quantity of cocaine base (crack) on or about 27 February 2012 (ct. 4) and on or about 28 March 2012 (ct. 5) in violation of 21 U.S.C. § 841(a)(1). The evidence presented at the hearing showed that the charges arise from three controlled audio- and video-recorded purchases of controlled substances from defendant by a confidential informant on each of the alleged offense dates. In the first transaction, defendant also sold the confidential informant a .22 caliber pistol.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's sale of the firearm in question (as opposed to simple possession) and defendant's commission of the alleged offenses while on pretrial release in three state cases, including a drug case; defendant's criminal record, including two felony convictions for eluding arrest, two felony convictions for conspiracy to traffic in cocaine, and a misdemeanor conviction for carrying a concealed weapon; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's work schedule and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 18th day of July 2012.

James E. Gates
United States Magistrate Judge